Superior Court vs. Bernard A. McGuinness et al.

MARCH 21, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of debt on bond brought against Bernard A. McGuinness, as principal, and the Indemnity Insurance Co. of North America, as surety. The case was heard by a justice of the Superior Court, sitting without a jury, who rendered decision for the defendants on the ground that no breach of condition in said bond had been shown, and the case is here on the plaintiff's exception to said decision.

The indemnity company became surety on the bond given by McGuinness as temporary receiver of the Purity Laundry, Inc. Fifteen days after appointing McGuinness temporary receiver the Superior Court entered a decree appointing him permanent receiver. By said decree he was ordered to file a bond with surety satisfactory to the court, but the bond was never filed. More than two months after he was appointed permanent receiver said court entered a decree authorizing him to sell the assets of the corporation, whereupon the assets were sold in accordance with this authorization. Nearly three years thereafter said court accepted his account and authorized him to pay to the creditors a dividend of 15%. The dividend was never paid. Later his resignation as permanent receiver was accepted by said court "without prejudice to the rights of creditors to proceed under the bond or against said receiver," and Nathan Perlman was appointed receiver in his stead. McGuinness refused to turn the balance of surplus cash, shown in his final account, over to his successor, and Perlman, acting as

receiver, brought this suit in the name of the Superior Court, the obligee in the bond.

The plaintiff contends: first, that when McGuinness, as temporary receiver, turned the assets over to himself as permanent receiver, before giving a bond in the latter capacity, he failed to preserve said assets and thereby breached the conditions of the bond; second, that as he never qualified as permanent receiver by filing a bond he never became permanent receiver, and consequently that he must have been acting as temporary receiver when, although acting under decree of said court directed to the permanent receiver, he sold the assets; and, finally, that he must have been holding the proceeds as temporary receiver when he misappropriated them.

The condition in the bond is as follows:

"If the said Bernard A. McGuinness shall in all cases comply with the orders of said Superior Court as such temporary receiver and shall faithfully account for and pay over all money and property coming into his hands as such temporary receiver in complying with the orders of said court, then this obligation shall be void, otherwise to be and remain in full force and virtue."

The questions raised were fully considered in *Superior Court* v. *McGuinness*, 54 R. I. 174 and the opinion therein governs the present case.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Arabian, Gonnella & Barad,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds*, for defendant, Indemnity Insurance Company of North America.